**First American Title Insurance Company**

Five Greentree Centre, Suite 100, Marlton, New Jersey 08053-3422

RITA C. BUSCHER
Assistant Vice President
Claims Counsel

(856) 810-0909
(888) 337-4796
Fax (856) 810-0157
email: rbuscher@firstam.com

November 17, 2008

*Via Facsimile (973) 623-9131*
Jason S. Haller, Esq.
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman
The Legal Center Once Riverfront Plaza
Newark, New Jersey 07102-5497

Re:   First American Claim No. NJ-16069-08
      Property: 21 Julia Drive, Manahawkin, NJ
      *Szelc v. Stanger, et al.*, Docket No. 08-4782
      Your Client: Gabor Gottesman
      Policy of Title Insurance No. 35627754

Dear Mr. Haller:

Your letter of November 4, 2008, addressed to Madison Title Agency, Inc. has been directed to my attention. Madison Title Agency, Inc. was an issuing agent for United General Title Insurance Company. United General Title Insurance Company is a business affiliate of First American Title Insurance Company. This First American office is responsible for the administration of some title claims made under on policies issued by United General Title Insurance Company in New Jersey.

You have submitted a claim on behalf of Gabor Gottesman under the above referenced policy of title insurance. Litigation entitled *Richard Szelc v. David Stanger, et al.*, has been filed in the United States District Court for the District of New Jersey which litigation challenges the interest of Mr. Gottesman in the property. The Amended Complaint alleges Mr. Gottesman:

- Violated federal and state RICO statutes both personally and as a member of Parkstone Acquisition, LLC (Counts One and Two)
- Violated TILA as a member of Parkstone Acquisition, LLC (Count Three)
- Violated HOEPA as a member of Parkstone Acquisition, LLC (Count Four)
- Breached his fiduciary duty to the plaintiff as a member of Parkstone Acquisition, LLC (Count Five)

1

- Violated FDCPA as a member of Parkstone Acquisition, LLC (County Six)
- Violated the Consumer Fraud Act personally and as a member of Parkstone Acquisition, LLC (Count Seven)
- Engaged in a civil conspiracy or aided and abetted a civil conspiracy both personally and as a member of Parkstone Acquisition, LLC (Count Eight)
- Was unjustly enriched by virtue of his own actions (Count Nine)
- Acted unconscionably in acquiring title (Count Ten)

In order to determine if there is a duty to provide a defense under the terms of the policy, First American Title Insurance Company must review the Amended Complaint to determine whether the Company would be obligated to indemnify a loss assuming the allegations in the Amended Complaint are true. The language of the policy states:

> "SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained by the insured by reason [covered title risks]."

Please note the following EXCLUSIONS which appear in the policy:

> "EXCLUSIONS FROM COVERAGE
>
> The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of: ...
>
> 3. Defects, liens, encumbrances, adverse claims or other matters:
>
> (a) created, suffered, assumed or agreed to by the insured claimant;
> (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy . . ."

The allegations of the Amended Complaint concern Mr. Gottesman's conduct in obtaining title from the plaintiff. The policy excludes from coverage matters arising from the insured's conduct (see exclusion cited above). Regardless of whether the allegations as to Mr. Gottesman's conduct in obtaining title are true, it is his conduct nonetheless that forms the basis of the dispute. Where matters giving rise to a claim are excluded from coverage, as is the alleged conduct here, the Company has no duty to defend.

"For purposes of determining the insurer's obligation to defend, the question is not whether the claims against the title ultimately will be proven true or false. Generally, it will not be known until the litigation – and the need for the defense - is over whether or not the allegations against the title are actually valid. Thus the test for the duty to defend must be whether the insurer would be obligated under the policy to indemnify for an insured's loss resulting from the allegations in the pleadings, assuming they are true."

Palomar, *Title Insurance Law* §11:2

If, however, you have any information/documentation that you would like First American Title Insurance Company to consider, please do not hesitate to forward it, as soon as possible, to my attention for consideration.

Very truly yours,

First American Title Insurance Company

Rita C. Buscher

3



# First American Title Insurance Company

Five Greentree Centre, Suite 100, Marlton, New Jersey 08053-3422

RITA C. BUSCHER  
Assistant Vice President  
Claims Counsel

(856) 810-0909  
(888) 337-4796  
Fax (856) 810-0157  
email:rbuscher@firstam.com

December 19, 2008

Jason S. Haller, Esq.  
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman  
The Legal Center Once Riverfront Plaza  
Newark, New Jersey 07102-5497

Re:   First American Claim No. NJ-16069-08  
      Property: 21 Julia Drive, Manahawkin, NJ  
      *Szelc v. Stanger, et al.*, Docket No. 08-4782  
      Your Client: Gabor Gottesman  
      Policy of Title Insurance No. 35627754

Dear Mr. Haller:

Thank you for your letter of December 4, 2008. Attached please find a sample of the United General Title Insurance Company Residential Title Insurance Policy for One-to-Four Family Residences.

In response to your letter, please bear in mind that only the claims against Gabor Gottesman which may impair his title are subject to coverage by the policy of title insurance. For example, where demand is made against Mr. Gottesman for compensatory damages for violation of federal or state RICO statutes, there is no coverage and no duty to defend. To the extent Mr. Gottesman incurs litigation costs in defending such allegations, United General Title Insurance Company bears no responsibility to defray such costs.

As to those claims against Mr. Gottesman which may impair his title, the Company has previously determined that those claims are predicated solely on Mr. Gottesman's owns acts, either individually or as member of Parkstone Acquisition, LLC. The Company has no duty to defray any of Mr. Gottesman's litigation expenses or damages because each and every count in which relief is sought against Mr. Gottesman alleges it is an act of Mr. Gottesman which entitles the plaintiff to relief.

With reference to Counts XI and XII no relief is sought as to Mr. Gottesman and there is no challenge to his title. Accordingly, there is no coverage and no duty to defend.

Plaintiff alleges he is entitled to void the transfer of title to Mr. Gotteman's because of Mr. Gottesman's own acts, not because of the alleged forgery of his signature. This is an important distinction. As you note, a title that is impaired as a result of a forgery may be entitled to indemnification under the terms of a policy of title insurance. And while Mr. Gottesman may be able to assert the alleged forgery as a defense to plaintiff's claims against him, it nonetheless remains that plaintiff pleads causes of action not based upon the alleged forgery that entitle him to the relief requested as to Mr. Gottesman. As the claims against Mr. Gottesman are pled, he stands to lose his title by virtue of his own acts over and above the alleged forgery of the deed. The Company will not be liable for those damages.

Very truly yours,

First American Title Insurance Company

Rita C. Buscher