# PODVEY, MEANOR, CATENA,
# HILDNER, COCOZIELLO & CHATTMAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
THE LEGAL CENTER ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5497
(973) 623-1000 FACSIMILE: (973) 623-9131
www.podvey.com

NEW YORK OFFICE
400 PARK AVENUE SUITE 1420
NEW YORK, NEW YORK 10022
(212) 432-7419
PLEASE REPLY TO NEW JERSEY OFFICE

ROBERT L. PODVEY
HENRY J. CATENACCI
THOMAS V. HILDNER
J. BARRY COCOZIELLO
H. RICHARD CHATTMAN♦
SAUL ZIMMERMAN♦
MARIANNE C. TOLOMEO
SHELDON M. FINKELSTEIN▲
JONATHAN M. KULLER
DOUGLAS E. MOTZENBECKER♦
ANTHONY J. GOLOWSKI II▲
GREGORY D. MILLER♦
ROSARIA A. SURIANO
LISA J. TREMBLY▲
THOMAS G. ALJIAN, JR.♦
ROBERT J. MCGUIRE
EVELYN R. STORCH
ROBERT K. SCHEINBAUM♦
COLIN B. SCOTT
LAINIE MILLER♦
MICHAEL F. BEVACQUA
ANTHONY M. RAINONE♦
SHAUN A. BEAN♦
DAMIAN P. CONFORTI♦
JORGE R. SALVA
TIFFANY BURRESS
JASON S. HALLER
LINO J. SCIARRETTA

OF COUNSEL
MARK K. LIPTON
MAUREEN O'BRIEN♦

H. CURTIS MEANOR (2008)

♦MEMBER OF NJ & NY BARS
▲MEMBER OF NJ & PA BARS

December 4, 2008

**VIA LAWYERS SERVICE**

Re: First American Claim No. NJ-16069-08
Property: 21 Julia Drive, Manahawkin, NJ
<u>Szelc v. Stanger</u>, 08-4782
Our Client: Gabor Gottesman
Policy of Title Insurance: 35627754

Rita C. Buscher, Asst. V.P.
Claims Counsel
First American Title Insurance Company
Five Greentree Centre, Suite 100,
Marlton, NJ 08053-3422

Dear Ms. Buscher:

  Thank you for your letter of November 17, 2008, responding to our notice of claim on behalf of United General's insured, Gabor Gottesman. In the letter you set forth your reasons for denying a defense to Mr. Gottesman in the pending matter, which attacks the validity of his title to 21 Julia Drive. Please consider the following analysis as you decide how you will handle this matter. Even though United General cannot defend this action, it will be responsible for litigation costs and damages up to the face amount of the policy if Mr. Gottesman is found to have been negligent, or if he proves he was defrauded.

  As you know, Richard Szelc has filed an action challenging Mr. Gottesman's title to the property. In response we have filed an Answer, Crossclaim, and Third-party Complaint. The third-party defendant is Richard Szelc's wife, Teresa Szelc. We allege that Teresa Szelc has created a title defect by forging her husband's signature on the deed out to Parkstone Acquisition, Inc., the vendor to Mr. Gottesman, and an entity he partially owns. We also allege that co-defendant Betty Mulch, a notary public, acted negligently when she notarized the forged signature.

  In your last letter, you recited two exclusions that you believe apply to the instant controversy. My client appears to have a different version of your policy, although the exclusions are substantially similar:

Rita C. Buscher, Ass., .P.
First American Title Insurance Company
December 4, 2008
Page 2

    In addition to the Exceptions in Schedule B, you are not insured against loss, costs, attorney's fees, and expenses resulting from:

3. Title Risks:
- that are created, allowed, or agreed to by you
- that are known to you, but not to us, on the Policy Date – unless they appeared in the public records.

Pursuant to these exclusions, you reasoned that, "Regardless of whether the allegations as to Mr. Gottesman's conduct in obtaining title are true, it is his conduct nonetheless that forms the basis of the dispute. Where matters giving rise to a claim are excluded from coverage, as is the alleged conduct here, the Company has no duty to defend." You list Counts I through X as being within the scope of the exclusions.

    Although your statement of the general rule has merit, United General nevertheless has a duty to defray Mr. Gottesman's litigation expenses and damages if he is found liable on certain counts. New Jersey law requires an insurer to defend its insured until every covered cause of action is eliminated. Voorhees v. Preferred Mutual Ins. Co., 128 N.J. 165, 174 (1992) (citing Mt. Hope Inn v. Travelers Indem. Co., 157 N.J. Super. 431, 440–41 (Law Div. 1978)); see also McClellan v. Title Ins. Co., 376 N.J. Super. 305 (App. Div. 2005). So even if one alternative cause of action is covered under your policy, you must defray Mr. Gottesman's costs, in addition to his damages. See Title Ins. Corp. of P.A. v. Wagner, 179 N.J. Super. 234, 238 (Ch. Div. 1981).

    In Wagner, the court held that the term "created by" the insured requires that the insured intended to cause damage. Id. at 240. In that case, a seller alleged that a buyer defrauded him when the buyer changed the description on the deed to encompass a larger portion of the seller's property than the seller meant to convey. Alternatively, the seller alleged a mutual mistake. The insurer refused to defend or indemnify, because the alleged fraud was "created by" the insured. But the court held that the insurer would have to pay the defendant's litigation costs, because the complaint alleged mutual mistake. According to the court, the mutual mistake claim was not a "defect[], adverse claim[], or other matter[] . . . created . . . by the insured." Ibid. And if mutual mistake was proved, the insurer could not recover these costs.

    In the present case, there are claims that do no allege a defect "created by" or "known to" Mr. Gottesman. Count XII of the plaintiff's complaint alleges "negligence" in the defendants' "drafting review and processing of the paperwork for the transactions involving the Subject Property," and further alleges that the defendants "should not have accepted or processed any of the documents with Plaintiff's forged signature on them and/or proceeded to transfer title to the Subject Property based on such documents without the Plaintiff being present." (Amended Compl. ¶ 161.) Negligent damage, like damage from a mutual mistake, is not a condition "created by the insured," because neither cause of action encompasses "intent." United General

#258661

Rita C. Buscher, As... ..P.
First American Title Insurance Company
December 4, 2008
Page 3

therefore has a duty to defend until the negligence claim is dismissed. And should negligence be proved, United General will be liable for the damages.

Also relevant to United General's liability is that the claims arise from a forgery allegedly perpetrated by the plaintiff's wife, Teresa Szelc. This is not the conduct of Mr. Gottesman. For whatever reason, the plaintiff did not sue his wife, despite his negligence claim being dependent upon a finding that she forged his signature. In the third party complaint, Mr. Gottesman has fixed this procedural oddity and sued Teresa Szelc for fraud (by way of the forgery) and negligence, among other things. The title policy specifically covers forgery, so United General will certainly be liable in damages if Mr. Gottesman suffers a loss as a result of the forgery.

Of course United General cannot actually manage the litigation, because it has a conflict, namely, it stands to benefit if the plaintiff proves an excluded "intentional act," instead of negligence. But if Mr. Gottesman successfully defends or settles these claims, he will be entitled to recoup all legal costs and damages from United General. See Wagner, supra, 179 N.J. Super. at 182–83. As the action proceeds, United General should consider this outcome as it plans its strategy.

This letter is not a statement of position, and the defendants reserve all legal or equitable claims and defenses they may assert against United General or any other party. Thank you for your time, and please advise me as to your position going forward.

Very truly yours,

Jason S. Haller

JSH:jd

Cc:   **VIA E-MAIL**
      David Stanger
      Gabor Gottesman

#258661