NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard SZELC, | : |
| Plaintiff, | : Civ. No. 08-4782 |
| v. | : OPINION & ORDER |
| David STANGER, et al., | : |
| Defendants | : |
| Gabor GOTTESMAN, | : |
| Third Party Plaintiff, | : |
| v. | : |
| FIRST AMERICAN TITLE INSURANCE CO., | : |
| Third Party Defendant | : |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Third Party Defendant First American Title Insurance Co.'s ("First American") Motion for Reconsideration [docket # 72] and Defendant/Third Party Plaintiff Gabor Gottesman's Cross Motion for Reconsideration [74]. The Court has considered the matter upon the parties' written submissions and without oral argument. For the reasons given below, both motions are DENIED.

In the Order that the parties submit for reconsideration, the Court determined that First American owed Gottesman a duty to defend on some of the claims made against Gottesman in the Complaint. First American insists it owes Gottesman a duty of defense on *none* of the claims, while Gottesman insists he is entitled to a defense on *all* the claims.

1

Familiarity with the underlying facts of the case and the Court's preceding opinion is presumed.

First American, in its briefing papers, objects to the Court's ruling on the grounds that the Court has postulated a factually impossible scenario—that "Stanger and Parkstone acted separately from Gottesman or without his knowledge." (First American's Br. Supp. Recons. 4.) However, the Court's ruling is not primarily founded on the differences between the defendants.[1] Rather, it is founded on the differences between the claims asserted in the Complaint and what those claims require in the way of proof. As the Court noted on page seven of its Opinion and Order on the summary judgment motions, "[T]he only risks excluded [from coverage] are those that arise from an event or condition which the insured deliberately caused or of which he was consciously aware." Five of the claims lodged against Gottesman do not depend on a showing of deliberate causation or awareness of unlawful activity.

Counts III and IV of the Complaint depend on a showing that Defendants failed to make certain disclosures required by the Truth in Lending Act and the Home Ownership and Equity Protection Act. (*See* Compl. ¶¶ 128-144); *see also* 15 U.S.C. §§ 1602, 1635, 1638, 1640. The statutes do not require Plaintiff to prove that the Defendants knowingly or purposefully failed to make those disclosures. Therefore, it is possible that Defendants will be liable on these counts without being aware of their unlawful activity, i.e., their failure to disclose.

---

[1] Furthermore, based on the allegations contained in the Complaint, the Court cannot conclude that all of Parkstone's conduct will necessarily be imputed to Gottesman. Parkstone is alleged to be a New Jersey LLC. (Compl. ¶ 7.) Aside from the allegations contained within each of the specific counts, the Complaint's only allegation with respect to the relationship between Stanger, Gottemsan and Parkstone is that "Gottesman and Stanger, through Parkstone, have a contractual relationship whereby they have agreed upon certain terms under which properties will be purchased and proceeds of sale will be split . . . ." (Compl. ¶ 82.)

Count V alleges that Defendants "failed to exercise due care in disclosing and completing certain transactions." (Compl. ¶ 148.) A failure to exercise due care is akin to negligence, which is to say, it does not require proof that the defendant acted deliberately or knowingly.

Count IX simply adds a request for equitable relief, and to the extent such relief is predicated on other "covered" claims, that request is similarly within the coverage of the policy.

Finally, Count X seeks to rescind certain transactions on the basis that those transactions "are so one-sided as to be abusive and unconscionable." While such a claim might be proven by showing that Defendants acted culpably (procedural unconscionability), it could also be proven simply by showing that the terms of the transaction are grossly unreasonable (substantive unconscionability). *See Muhammad v. County Bank of Rehoboth Beach, Delaware*, 189 N.J. 1, 15-16 (2006). The latter of these two methods of proof does not require Plaintiff to show that Defendants knowingly created a voidable contract. Therefore, Plaintiff's claim under Count X could possibly fall within the terms of the insurance contract.

The Court notes, in passing, that the proofs at trial may, in fact, show that Gottesman *did* knowingly create or allow the violations alleged in the covered counts, in which case First American would likely be not liable to indemnify or reimburse Gottesman for any award based on those Counts. But the duty to defend—unlike the duty to reimburse or indemnify—does not turn on the actual facts of the case. The duty to defend turns on whether the Complaint states a claim that could possibly trigger indemnification or reimbursement.

Any holding to the contrary would frustrate the purpose of an insurance contract that includes a duty to defend. For example, consider an insurance contract that provides that the insurer will defend negligent behavior, but not intentional behavior. A plaintiff should not be able to eliminate the defendant's insurer-provided defense simply by including allegations of

3

intentional wrongdoing alongside her allegations of negligence. This case is substantially similar. Gottesman's insurance policy provides for a defense against title risks that are not "created, allowed, or agreed to" by him. The five covered counts contain claims that are based on factors that could be proven without any showing that Gottesman "created, allowed, or agreed to" anything. Plaintiff cannot eliminate Gottesman's right to an insurer-provided defense on these claims by making additional allegations of intentional misconduct. For purposes of assessing an insurer's duty to defend, the Court looks to the allegations in the Complaint and will only deny coverage if it is clear that under no set of circumstances would Gottesman be entitled to coverage.

Gottesman appears to accept the Court's reasoning up to this point. But he further contends that since the Court has found that he is entitled to an insurer-provided defense on at least one claim, he is entitled to an insurer-provided defense on all claims. The law on this issue is not so simple:

> The general rule is that when the insurer has wrongfully refused to defend an action and is then required to reimburse the insured for its defense costs, its duty to reimburse is limited to allegations covered under the policy, provided that the defense costs can be apportioned between covered and non-covered claims. . . . When the defense costs cannot be apportioned, the insurer must assume the cost of the defense for both covered and non-covered claims.

*SL Indus., Inc. v. Motorists Ins. Co.*, 128 N.J. 188, 214-15 (1992) (citations omitted). As the New Jersey Supreme Court went on to explain, this does not mean that an insurer is automatically bound to defend an entire action whenever there is some difficulty in apportioning defense costs between covered and non-covered claims.

> Although we adopt the general rule favored by most jurisdictions, we note that our interpretation differs from that of a number of the courts that have applied it. Those courts presume that apportioning costs will be very difficult, and that the exception, requiring insurers to pay all of the defense costs if they are not capable of apportionment, thus applies more often than the rule requiring apportionment. .

4

> . . Those courts implicitly require a greater degree of certainty in determining the allocability of costs than is either necessary or fair. We recognize that insurers, insureds, and courts will rarely be able to determine the allocation of defense costs with scientific certainty. However, the lack of scientific certainty does not justify imposing all of the costs on the insurer by default. The legal system frequently resolves issues involving considerable uncertainty. We presume that the insurer and insured can negotiate a satisfactory settlement that fairly apportions the defense costs. When they are unable to agree, we likewise presume that our courts will be able to analyze the allegations in the complaint in light of the coverage of the policy to arrive at a fair division of costs.

*Id.* at 215-16 (citations omitted); *see also Hebela v. Healthcare Ins. Co.*, 370 N.J. Super. 260 (App. Div. 2004) (discussing how to apportion costs); *Morgan, Lewis & Bockius LLP v. Hanover Ins. Co.*, 929 F. Supp. 764 (D.N.J. 1996) (same). The New Jersey Supreme Court self-consciously and explicitly differentiated New Jersey law from the majority trend on this point. Therefore, Gottesman's citations to cases from other states are inapposite.

The parties have not made any argument as to how defense costs ought to be apportioned in this case. Furthermore, as such an argument was not presented in the parties' summary judgment motions, it would be an inappropriate topic to explore on reconsideration. Therefore, the Court will not venture an opinion on that point.

## CONCLUSION

For the foregoing reasons, it is ORDERED, this 11th day of February, 2010, that First American's Motion for Reconsideration [72] is DENIED; and

It is further ORDERED that Gabor Gottesman's Cross Motion for Reconsideration [74] is DENIED.

>                          */s/ Anne E. Thompson*
>                          ANNE E. THOMPSON, U.S.D.J.