NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Richard SZELC, | : |
| Plaintiff, | : Civ. No. 08-4782 |
| v. | : OPINION & ORDER |
| David STANGER, et al., | : |
| Defendants. | : |
| Gabor GOTTESMAN, | : |
| Third Party Plaintiff, | : |
| v. | : |
| FIRST AMERICAN TITLE INSURANCE CO., | : |
| Third Party Defendant. | : |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court upon Defendant/Third Party Plaintiff Gabor Gottesman's Motion for Attorneys' Fees [docket # 87]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the motion is granted in part and denied in part.

BACKGROUND

This dispute arises between Gottesman, a defendant in the above-captioned action, and First American Title Insurance Company ("First American"), Gottesman's insurer and a third-party defendant in this case. The plaintiff in this lawsuit has sued several individuals and

1

organizations—including Gottesman—alleging fraud, conspiracy, racketeering, and other unlawful acts related to "a sham sale-leaseback scheme designed to strip equity from the Plaintiff's home." (Compl. Prelim. Statement.) In late February or early March in 2008, Gottesman acquired title to the property in question—21 Julia Drive, Manahawkin, Ocean County, New Jersey (the "Property")—and shortly thereafter he took out title insurance on the Property. (First American's Br. Supp. Summ. J., Ex. E, "Residential Title Insurance Policy" [hereinafter "Policy"].) The Policy, for which First American is the insurer,[1] insures Gottesman against losses based on title risks and entitles him to legal defense of his title to the Property in court. (*Id.*) There are several exceptions and exclusions to the policy, the most important of which in this dispute is exclusion # 3, an exclusion for title risks "that are created, allowed, or agreed to by [the insured]" or "that are known to [the insured], but not to us, on the Policy Date." (*Id.*) Plaintiff alleges that Gottesman was a participant in the fraudulent conspiracy that deprived him of title to his home. (*See, e.g.,* Compl. ¶ 110.) Plaintiff made a variety of claims against the Defendants, including not only fraud and racketeering but also violations of the Truth in Lending Act, violations of the Home Ownership and Equity Protection Act, and failure to exercise due care.

      Gottesman and First American dispute the manner and extent to which First American is obliged to pay Gottesman's defense costs. In a previous order, this Court determined that First American owed a duty to defend Gottesman against only certain claims at issue in this case, specifically those claims that do not require Plaintiff to prove Gottesman's knowledge of or deliberate participation in the creation of certain title risks. The Court specifically rejected both Gottesman's contention that First American should bear *all* of the defense costs and First American's contention that it should bear *none* of the defense costs. The Court did not tell the

---

[1] Gottesman originally took out the policy with a different company, but First American has taken over the policy.

parties specifically how First American should undertake this partial defense; it left the parties to work that issue out between themselves.

First American reacted by retaining separate counsel to provide a defense specifically on those claims that the Court determined were covered under Gottesman's policy ("Covered Claims"). Gottesman objects to this arrangement, insisting that it will lead to duplication of legal work and conflicts of interest. He has now filed a motion with this Court, in which he requests an order declaring (1) that his own counsel should be retained to represent him on all the claims in this matter, (2) that all his legal expenses specifically allocable to the Covered Claims should be reimbursed in full by First American, and (3) that all legal expenses not specifically allocable to either Covered Claims or non-covered claims should be partially reimbursed in the amount of one-third by First American. Using this formula, he requests a specific award for all services rendered through December 31, 2009. First American claims that it has the right to retain its own separate counsel, and it contests Gottesman's calculation of legal fees owed.

## ANALYSIS

I. Right to Control Gottesman's Defense

An insurer who owes its insured a duty to defend is not permitted to control the defense if there is a conflict of interest between the two parties. *See, e.g., Schmidt v. Smith*, 294 N.J. Super. 569, 590 (App. Div. 1996) (citing *Burd v. Sussex Mutual Ins. Co.,* 56 N.J. 383, 389 (1970)). In such a situation, some method must be devised for the insurer to fulfill its duty other than by retaining its own counsel to represent the insured. *Morrone v. Harleysville Mut. Ins. Co.*, 283 N.J. Super. 411, 421 (App. Div. 1995) (citing cases). *Burd* and subsequent cases indicate that the usual course of action is for the insured to select its own attorney and for the insurer to reimburse the insured. *See, e.g., Morton Int'l, Inc. v. Gen. Accident Ins. Co. of Am.*, 266 N.J.

Super. 300, 341-43 (App. Div. 1991).  Of course, this does not mean that the insurer is required to pay whatever fee the insured's retained attorney happens to charge; rather, the insured is required to pay a reasonable fee for those services reasonably related to the defense of any covered claims.  *Acquino v. State Farm Ins. Co.*, 349 N.J. Super. 402, 415-16 (App. Div. 2002).

In this case, it seems clear that there is a conflict of interest between Gottesman and First American.  First American's duty to indemnify Gottesman turns on whether or not Gottesman created or was aware of any title risks.  More precisely, if Gottesman is shown to have knowingly participated in the alleged fraudulent scheme, First American will probably not have any duty to indemnify any judgment against Gottesman.  Therefore, First American has an interest in establishing that Gottesman committed fraud.  This creates a conflict of interest between Gottesman and First American that goes to the heart of what the parties will be trying to prove in this matter.  In light of this conflict, First American should not control Gottesman's defense.  First American may, of course, continue to represent its own interests as a Third Party Defendant in this case.

II. <u>Reimbursement for Legal Expenses</u>

Gottesman also asks this Court for an order apportioning both past and future costs incurred by Gottesman's attorneys.  He proposes an order declaring that those costs purely allocable to the Covered Claims be reimbursed in full and that those costs not purely allocable to either Covered Claims or non-covered claims be reimbursed in one-third part.  He also seeks a determination as to how much of the legal work done through the end of 2009 is allocable to specific claims and how much work is not allocable.  Gottesman requests an award of funds incurred through the end of 2009 on the basis of his proposed formula and a declaratory order that all future legal expenses will be reimbursed in a similar fashion.

The Court feels that such an award is not merited under the circumstances. It would be far more efficient and accurate for the Court to resolve the question as to what portion of Gottesman's attorneys' work is devoted to the Covered Claims at the conclusion of this case, after judgment has been entered. Attempting to resolve this issue on an ongoing basis would result in a series of interlocutory motions and orders that could consume a significant amount of time on the part of both the parties and the Court. A declaratory order to the effect that First American is obliged to cover one third of those expenses not purely allocable to a particular claim would not alleviate this burden; it would simply shift the locus of the dispute onto the issue of whether or not any given expense is clearly allocable to a particular claim. Furthermore, such an order would be an essentially arbitrary designation—going forward, it is impossible to predict exactly what portion of their time Gottesman's attorneys will spend on the Covered Claims versus the non-covered claims. Accordingly, Gottesman will need to file his motion for attorneys' fees at the close of his participation in this litigation. At that time, the Court can undertake a thorough examination of the record and make a fair determination as to what portion of Gottesman's legal expenses First American is obligated to reimburse.

## CONCLUSION

For the foregoing reasons, it is, this 21st day of July, 2010,

ORDERED that Defendant/Third Party Plaintiff Gabor Gottesman's Motion for Attorneys' Fees [docket # 87] is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that Gottesman's present counsel, Gruen & Goldstein and Stahl & Zelmanovitz, shall serve as attorneys for Gottesman in this action on all Counts of the Complaint; and it is further

ORDERED that Gottesman's request for reimbursement of attorneys' fees is DENIED without prejudice; and it is further

ORDERED that Gottesman may make his application for attorneys' fees after judgment has been entered.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
